Scott M. Stickney
WILSON SMITH COCHRAN DICKERSON
901 Fifth Avenue
Suite 1700
Seattle, WA 98164-2050
(206) 623-4100
Fax (206) 623-9273
Attorneys for Plaintiff Liberty Mutual Insurance

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE, a Massachusetts company,<br><br>Plaintiff,<br><br>vs.<br><br>HARTMAN CONSTRUCTION & EQUIPMENT, INC.; DAVID HARTMAN and LINDA HARTMAN; CHAD HARTMAN; DEREK HARTMAN; and CASSANDRA MORGAN, individually and as the Personal Representative of THE ESTATE OF SAMUEL ADAM MORGAN,<br><br>Defendants. | Case No. |

### COMPLAINT FOR DECLARATORY RELIEF
### (28 U.S.C. §§ 2201 & 2202)

**Complaint for Declaratory Relief**

LIBERTY MUTUAL INSURANCE, by and through its counsel of record, Wilson Smith Cochran Dickerson, hereby asserts the following in support for its Complaint for Declaratory Relief:

## Parties

1. Liberty Mutual Insurance is a corporation organized and existing under the laws of the State of Massachusetts with its principal place of business in the State of Massachusetts. Liberty Mutual Insurance issued Policy Number WC4-1NC-019554-014 to Hartman Construction & Equipment, Inc., for the period July 20, 2014, to July 20, 2015 ("the Liberty Mutual Policy"). The policy includes Employers Liability Insurance coverage with a Bodily Injury by Accident limit of $500,000 per accident.

2. Liberty Mutual Insurance is authorized to transact business in the State of Alaska, has paid all required taxes and fees, has filed all required reports, and has satisfied all other conditions precedent to bringing and maintaining this action.

3. Defendant Hartman Construction & Equipment, Inc., is a corporation organized under the laws of the State of Alaska with its entity address at 4901 Hartman Circle, Anchorage, Alaska 99057. Hartman Construction & Equipment, Inc., operates its business in Anchorage, Alaska. It is named as a defendant in the matter of *Morgan v. Hartman, et al.,* Alaska Superior Court, Third Judicial District at Anchorage, Case No. 3AN-17-07156 CI ("the Underlying Lawsuit").

4. On information and belief, Defendant David Hartman is a Director, President, and Shareholder of Hartman Construction & Equipment, Inc., and is a resident of Anchorage, Alaska. He is named as a defendant in the Underlying Lawsuit.

5. On information and belief, Defendant Linda Hartman is a Director, Shareholder, Secretary, and Treasurer of Hartman Construction & Equipment, Inc., and is a resident of Anchorage, Alaska. She is named as a defendant in the Underlying Lawsuit.

6. On information and belief, Defendant Chad Hartman is an employee of Hartman Construction & Equipment, Inc., and is a resident of the state of Alaska. He is named as a defendant in the Underlying Lawsuit.

7. On information and belief, Defendant Derek Hartman is an employee of Hartman Construction & Equipment, Inc., and is a resident of the state of Alaska. He is named as a defendant in the Underlying Lawsuit.

8. Defendant Cassandra Morgan is the Personal Representative of the Estate of Samuel Morgan and is believed to be a resident of the State of Alaska. Defendant Morgan is the plaintiff in the Underlying Lawsuit in her individual capacity and as Personal Representative of the Estate of Samuel Morgan.

## Jurisdiction & Venue

9. Liberty Mutual Insurance files this action for declaratory relief under 28 U.S.C. § 2201 and for additional and further relief as may be required to enforce a declaratory judgment in accordance with 28 U.S.C. § 2202.

10. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 by reason of diversity of citizenship and because the amount in controversy exceeds $75,000.

11. Venue is appropriate in this district under 28 U.S.C. § 1391(b)(1) and (2) because the accident at issue in the Underlying Lawsuit occurred in the district, the Underlying Lawsuit is pending in the district, and the named insured under the Liberty Mutual Insurance Policy is a resident of this district.

## Underlying Lawsuit & Insurance Coverage

12. Liberty Mutual Insurance has denied coverage to David Hartman, Linda Hartman, Chad Hartman and Derek Hartman for the Underlying Lawsuit.

13. The Liberty Mutual Policy includes the following provision:

> **B. Who is Insured**
>
> You are insured if you are an employer named in Item 1 of the Information Page. If that employer is a partnership, and if you are one of its partners, you are insured, but only in your capacity as an employer of the partnership's employees.

Defendants David Hartman, Linda Hartman, Chad Hartman and Derek Hartman do not fall within this provision and do not qualify as insureds for purposes of coverage under the Liberty Mutual Policy, so Liberty Mutual Insurance has no duty to defend or indemnify them in the Underlying Lawsuit.

14. Defendant Cassandra Morgan filed the Underlying Lawsuit seeks to recover for herself in her individual capacity and for the Estate of Samuel Morgan. The Complaint filed in the Underlying Lawsuit alleges Samuel Morgan was an employee of Hartman Construction & Equipment, Inc. (mistakenly referred to as Hartman Construction, Inc., in the Underlying Lawsuit) when he was fatally injured.

15. The Complaint filed in the Underlying Lawsuit alleges Hartman Construction & Equipment, Inc., David Hartman, Linda Hartman, Chad Hartman and Derek Hartman intentionally injured Samuel Morgan.

16. Liberty Mutual Insurance agreed to provide a defense to Hartman Construction & Equipment, Inc., (mistakenly referred to as Hartman Construction, Inc., in the Underlying Lawsuit), subject to a full reservation of rights.

17. Pursuant to Alaska Statutes § 23.30.055, plaintiff in the Underlying Lawsuit may not sue Hartman Construction & Equipment, Inc. or Samuel Morgan's co-employees for any injury other than an injury that was intentionally caused.

18. The Liberty Mutual Insurance Policy includes the following provision:

> **A. How This Insurance Applies**
>
> The employers liability insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.
>
> 1. The bodily injury must arise out of and in the course of the injured employee's employment by you.
>
> 2. The employment must be necessary or incidental to your work in a state or territory listed in item 3.A. of the Information Page.
>
> …
>
> **B. We Will Pay**
>
> We will pay all sums that you legally must pay as damages because of bodily injury to your employees, provided the bodily injury is covered by this Employers Liability Insurance.
>
> …

An intentionally caused injury does not constitute bodily injury by accident and, therefore, does not fall within the terms of this coverage.

19. The Liberty Mutual Policy includes the following exclusion:

> 5. [This insurance does not cover:] Bodily injury intentionally caused or aggravated by you.

An intentionally caused injury would fall within this exclusion.

20. The Liberty Mutual Policy includes the following provision:

### D. We Will Defend

We have the right and duty to defend, at our expense, any claim, proceeding or suit against you for damages payable by this insurance. We have the right to investigate and settle these claims, proceedings and suits.

We have no duty to defend a claim, proceeding or suit that is not covered by this insurance. We have no duty to defend or continue defending after we have paid our applicable limit of liability under this insurance.

The Underlying Lawsuit includes no claims even potentially covered by the Liberty Mutual Policy, so Liberty Mutual has no duty defend under the terms of this provision.

21. Because the Liberty Mutual Policy does not provide coverage for the Underlying Lawsuit, Liberty Mutual has no obligation to indemnify Hartman Construction & Equipment, Inc., in the Underlying Lawsuit.

### Declaratory Judgment Action

22. A justiciable controversy exists between the parties hereto. This controversy can be resolved by this Court through entry of a judgment declaring the rights and liabilities of the parties under the Liberty Mutual Policy.

23. The only party qualify as an insured under the Liberty Mutual Policy is Hartman Construction & Equipment, Inc.

24. The Underlying Lawsuit alleges only intentionally caused injury, which does not fall within the coverage of the Liberty Mutual Policy.

25. This Court should enter a Judgment in favor of Liberty Mutual Insurance declaring that Liberty Mutual Insurance is not obligated to defend or indemnify any party in the Underlying Lawsuit and that it may withdraw the defense it is currently providing to Hartman Construction & Equipment, Inc.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff Liberty Mutual Insurance prays for the following relief:

1. Judgment declaring that Plaintiff Liberty Mutual Insurance has no duty to defend or indemnify any party in the Underlying Lawsuit and that it may withdraw the defense it is currently providing to Hartman Construction & Equipment, Inc.;

2. That Plaintiff recover its taxable costs and disbursements herein; and

3. For such other and further relief as the Court deems just and equitable.

DATED this 18 day of January, 2018.

WILSON SMITH COCHRAN DICKERSON
Attorneys for Plaintiff Liberty Mutual Insurance

Scott Stickney
901 Fifth Avenue, #1700
Seattle, WA 98164-2050
(206) 623-4100
Fax (206) 623-9273
Alaska Bar No. 0304031
Email: stickney@wscd.com